1  DIRK M. SCHENKKAN (No. 72533)
   Email:  dschenkkan@howardrice.com
2  ERIC S. PETTIT (No. 234657)
   Email:  epettit@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California  94111-4024
   Telephone:   415/434-1600
6  Facsimile:   415/217-5910

7  Attorneys for Plaintiff
   HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN, A
8  Professional Corporation

9  THOMAS W. HUMPHREY (Ohio Bar No. 0062336) (*Pro Hac Vice*)
   Email: thumphrey@whepatent.com
10 WOOD, HERRON & EVANS, L.L.P.
   2700 Carew Tower
11 Cincinnati, Ohio 45202
   Telephone: (513) 241-2324
12 Facsimile: (513) 421-7269

13 Attorneys for Defendant TOTAL TECHNOLOGY, INC.

14            UNITED STATES DISTRICT COURT

15          NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17

18 HOWARD RICE NEMEROVSKI CANADY          No. C 06 00426 CW
   FALK & RABKIN, a California professional
19 corporation,                          Action Filed:  December 22, 2005
                                         Action Removed:  January 23, 2006
20              Plaintiff,
                                         STIPULATED PROTECTIVE ORDER
21      v.

22 TOTAL TECHNOLOGY, INC., an Ohio
   corporation; and DOES 1 through 40,
23 inclusive,

24              Defendants.

25 ─────────────────────────────────

26 AND RELATED COUNTERCLAIMS.

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 **"Confidential" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     **Designating Party:**  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

2.7     **Protected Material:**   any Disclosure or Discovery Material that is designated as "Confidential".

2.8     **Counsel:**  Outside counsel and counsel who are employees of a Party, as well as their support staffs.

2.9     **Professional Vendors:**  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations.**  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     **For information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend

"CONFIDENTIAL" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    **for testimony given in deposition or in other pretrial or trial proceedings**, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days following receipt of the transcript to identify the specific portions of the testimony as to which protection is sought.

During deposition or other testimony regarding Protected Material, the Designating Party may exclude any persons not entitled to disclosure of such material. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)    **for information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was

initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  A Receiving Party shall not be held in breach of this Stipulation and Order with respect to specific disclosures of Protected Material made prior to a belated designation of such material by the Producing Party.  Once such belated designation has been made, however, that material shall be treated by the Receiving Party appropriately for the designation in accordance with this Stipulation and Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    **Timing of Challenges.**   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  No Receiving Party shall be deemed by treating information as Protected Material to have conceded that the information actually is confidential.

6.2    **Meet and Confer.**   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party.  Counsel for the Designating Party shall respond promptly and cooperate fully in the conferral process.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    **Judicial Intervention.**   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    **Disclosure of "CONFIDENTIAL" Information or Items.**    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for

this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the current and former officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author of the document or the original source of the information,

(h)    any prior recipient of the document or Protected Material.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.   FILING PROTECTED MATERIAL.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  To the extent that Protected Material is admitted at trial without the benefit of sealing, the parties shall not gratuitously advise any third person that the material is available in the public record.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

**11.  FINAL DISPOSITION.**  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.  MISCELLANEOUS**

12.1  **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  **Right to Use Own Protected Material.**  This Order shall not operate in any way to limit a party's use of its own Protected Material for any purpose outside this

litigation (although of course disclosure of such material outside this litigation in a manner inconsistent with the protections afforded the material hereunder may be grounds for challenging its protected status).

    12.4 **Right to Use Independently Obtained Material.** Nothing in this Order shall restrict the use of documents or information that is either already in the possession of the Receiving Party, lawfully obtained from another source, or independently developed by the undersigned counsel or experts retained or consulted by the parties hereto without the use of Protected Material.

    12.5 **Right to Execute in Counterparts.** This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

    12.6 **No Contractual Liability.** To the extent that the parties have agreed on the terms of this Order, such Stipulation is for the Court's consideration and approval as an Order. The parties' Stipulation shall not be construed to create a contract between the parties, counsel, or between the parties and their respective counsel.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

2

3   June 2, 2006.

4

5

6

7

8

9   June ___, 2006.

10

11

12

13

14   PURSUANT TO STIPULATION, IT IS SO ORDERED.  **BUT SEE L.R. 79-5.**

15   June 12, 2006.                              /S/  CLAUDIA WILKEN

16

17                                                    CLAUDIA WILKEN

18                                              United States District Judge

19

20

21

22

23

24

25

26

27

28

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation


By:_____/s/_____
            DIRK M. SCHENKKAN

Attorneys for Plaintiff HOWARD RICE
NEMEROVSKI CANADY FALK & RABKIN, A
Professional Corporation

WOOD, HERRON & EVANS LLP


By: _____
            THOMAS HUMPHREY

Attorneys for Defendant TOTAL TECHNOLOGY,
INC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned acknowledges having received and read the attached Stipulated Protective Order and agrees to be bound by it.


Date: _____

City and State where signed: _____

Printed name: _____
                                    [printed name]

Signature: _____
                                    [signature]