IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN,<br><br>    Plaintiff,<br><br>  v.<br><br>TOTAL TECHNOLOGY, INC.,<br><br>    Defendant.<br>_____/ | No. C 06-0426 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO ENTER AMENDED ANSWER AND COUNTERCLAIMS |

    Defendant Total Technology, Inc., (T2) moves to file its amended answer and counterclaims. Plaintiff Howard Rice Nemerovski Canady Falk & Rabkin (Howard Rice) opposes the motion. Alternatively, Howard Rice makes certain discovery requests if T2's motion is granted. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS T2's motion.

BACKGROUND

In this action, Howard Rice seeks compensation for legal services rendered to T2.

On December 22, 2005, both parties jointly filed a motion to seal the initial and first amended complaints, the answer and certain parts of related pleadings, and for leave to file amended pleadings. On January 23, 2006, T2 filed an initial answer, including defenses and counterclaims. On May 12, 2006, both parties appeared for a case management conference. At the conference, the Court gave the following instructions to counsel for T2.

> I will give you 30 days to add any additional claims. That would be June 12th. And if you want to add one, you can show a proposed amended complaint to the other side, and either file it by stipulation or you'll have to file a motion to amend.

Pl's Ex. 1 at 5 (Reporter's Transcript of May 12, 2006 Case Management Conference).

In support of its motion, T2 submits the declaration of its counsel, Tom Humphrey. Mr. Humphrey declares he believed that T2 was permitted to file an amended answer based on the written scheduling order. (Humphrey Dec. 1 ¶ 18) Mr. Humphrey also declares that he did not remember the Court's instruction to show the amended pleading to opposing counsel. Humphrey Dec. 1 ¶ 19. On June 12, 2006, without leave, Mr. Humphrey e-filed an amended answer, including defenses and counterclaims. After Dirk Schenkkan, counsel for Howard Rice, received notice of the filing of the amended answer, he informed Mr. Humphrey that he had not followed the Court's instruction by failing to show the pleading to

2

1  Howard Rice prior to filing a motion for leave to file it.  Mr.
2  Schenkkan also reminded Mr. Humphrey that absent Howard Rice's
3  stipulation, he should have filed a motion for leave to amend.
4  Pl's. Ex. 2 at 1.  On the evening of June 12, 2006, Mr. Humphrey
5  unsuccessfully attempted to persuade Howard Rice's counsel to
6  stipulate to the filing of the amended answer.

7      Mr. Humphrey declares that, on the evening of June 12, 2006,
8  he attempted to file a motion to amend on several occasions over
9  the span of more than one hour through the Court's Electronic
10 Document Filing System (ECF), but ECF was not operating at the
11 time.  Mr. Humphrey attaches to his declaration a printout from ECF
12 indicating there was an internal service error.   Declaration of
13 Thomas W. Humphrey As to Technical Failure of ECF Website (Humphrey
14 Dec. re: ECF ¶ 2-5).  On June 13, 2006, T2 filed a motion to file
15 its amended answer and counterclaims.

16     T2's amended answer modifies its original counterclaim of
17 attorney malpractice to include the term "negligence," Amended
18 Answer, ¶¶ 58-65, and adds a new defense that Howard Rice allowed
19 unlicensed attorneys to practice law on T2's behalf.  Amended
20 Answer ¶¶ 38, 58, 61, 62 &  66-69.

21     T2 also includes several new factual allegations in the
22 amended answer.  The first new allegation states that T2 informed
23 Howard Rice that funds for legal services would be paid from the
24 personal funds of one of T2's shareholders, rather than from T2
25 itself.  Amended Answer ¶ 33.  The second new allegation states
26 that Howard Rice agreed to provide proposed preliminary legal
27 services subject to a limitation of $10,000, rather than the
28

3

*United States District Court*
*For the Northern District of California*

$40,000 limit alleged in the original answer. Amended Answer ¶ 34. The third new allegation states that Howard Rice never provided a "statement of account due" to any T2 authorized representative until after the present suit had been filed and more than one year after invoiced services were allegedly provided. Amended Answer ¶¶ 20 & 36. The fourth new allegation states that Howard Rice promised to provide an undisclosed buyer for T2's patents, whereas the initial answer alleged that Howard Rice encouraged T2 to pursue an undisclosed buyer. Amended Answer ¶ 47.

Finally, in the amended answer, T2 modifies the last sentence of paragraph 42 and adds a phrase at the end of paragraph 52. As amended, paragraph 42 alleges that Howard Rice encouraged T2 to accept the results of its services in the litigation, based upon Howard Rice's representation that it would consummate a sale of the T2 patents. In the initial answer, paragraph 42 also referred to an arbitration between the parties, which T2 allegedly terminated, in part, based upon Howard Rice's representation that a sale of the patents could be consummated. In the initial answer, paragraph 52 stated, "Each of the claims set forth in the Complaint is barred, in whole or in part, on the grounds that Howard Rice consented to the uncompensated receipt of any benefit by T2." The amended answer uses this same language, and adds "by the terms of the Howard Rice relationship with T2" at the end of the sentence. Howard Rice claims that the changes in paragraphs 42 and 52 are unintelligible.

4

LEGAL STANDARD

I. Federal Rule of Civil Procedure 16.

A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b) and, second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

In order to determine good cause, courts generally consider the diligence of the party seeking the modification. Id. at 609; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "Not only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

II. Federal Rule of Civil Procedure 15.

Under Federal Rule of Civil Procedure 15(a), leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 -- to facilitate decisions on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

5

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, 833 F.2d at 186. Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri. v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986).

Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case. Id. at 1398-99. The party opposing the motion bears the burden of showing prejudice. DCD Programs, 833 F.2d at 186.

## DISCUSSION

### I. Following the Court's Verbal Instructions

Howard Rice opposes T2's motion to amend on two grounds. First, T2 did not follow the Court's verbal instructions to show Howard Rice its proposed amended pleading before filing a motion to amend with the Court. Second, T2 missed the Court's June 12, 2006 deadline by filing its motion to amend on June 13, 2006. T2's motion is governed in part by Federal Rule of Civil Procedure

16(b), which requires a showing of good cause for filing its amended pleading after the date specified in the scheduling order.[1]

Mr. Humphrey declares that he did not remember the Court's instruction at the Case Management Conference and used the Minute Order and Case Management Order (Docket 30) for guidance. The minute order does state that the deadline to add additional parties or claims is June 12, 2006; it does not repeat the Court's instruction that the amended pleadings shall be shown to opposing counsel. Therefore, the Court will accept Mr. Humphrey's excuse as minimal good cause under Rule 16 for not showing the amended answer to opposing counsel before proceeding, although Mr. Humphrey also erred by filing the amended answer without asking leave of the Court.

II. Late Filing of Motion to Amend

Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e). Local Rule 5-4 states:

> Pursuant to FRCivP 5(e), the Clerk will accept in certain actions documents filed, signed or verified by electronic means that are consistent with General Order No. 45, "Electronic Case Filing." A document filed by electronic means in compliance with this Local Rule constitutes a written document for the purposes of applying these Local Rules and the Federal Rules of Civil Procedure.

Under authorization of Local Rule 5-4, General Order 45 sets out the District Court's specific policies for filing electronically. General Order 45(vi)(e) states:

> The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course

---

[1] In its opposition, Howard Rice does not cite Federal Rule of Civil Procedure 16(b).

> of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure.

Federal Rule of Civil Procedure 5(e) provides in part:

> ". . . a court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules."

To comply with the electronic filing instructions under General Order 45, Mr. Humphrey declares he did each of the following steps. First, he attempted to file a motion to amend T2's answer by ECF several times over the span of more than one hour on the evening of June 12, 2006. Second, he submitted the motion to file the amended answer promptly once ECF was working again, which was on June 13, 2006. Because the ECF system had an internal server error, under General Order 45, the motion to amend was due the next business day, on June 13, 2006. Because Mr. Humphrey has met the requirements of General Order 45, T2 has not missed the deadline set by the Court to file its motion to amend its answer.

8

III. Leave to File an Amended Answer

Howard Rice opposes T2's motion to amend. Federal Rule of Civil Procedure 15(a) provides that the Court may freely grant a party leave to file an amended pleading when justice so requires. However, if the Court is satisfied that the party opposing the motion to amend has shown it is surprised by new allegations in the amended pleading that will require more discovery or otherwise delay resolution of the case, it may deny the leave to amend on grounds of prejudice. DCD Programs, 833 F.2d at 186.

Howard Rice states it will be prejudiced by the proposed amendments because they will undercut existing discovery and will require a new round of discovery with further attendant cost and delay. T2 argues that it changed the factual allegations in the answer in order to accommodate both parties' request to redact certain information in their December 22, 2005 motion to seal. Howard Rice disagrees and claims that the changed factual allegations were unrelated to what the parties agreed should be redacted.

Howard Rice recognizes that T2 gave notice at the case management conference that the purpose of the amended answer was to include the new defense of unlicensed practice of law, but alleges that T2 improperly broadened two malpractice claims in its original answer to incorporate a negligence theory. T2 responds that negligence is merely a component of malpractice.

If Mr. Humphrey had timely followed the Court's instruction to show his proposed amended answer to opposing counsel, rather than

9

simply filing it without a stipulation or leave of the Court, these issues might have been resolved and inefficient discovery and motion practice avoided.

Nonetheless, the Court finds that any prejudice resulting from these changes can be addressed by granting the relief Howard Rice requests.

T2 shall promptly serve Howard Rice by overnight mail with full and complete answers to its pending discovery requests. Within fifteen days of service, T2 shall serve Howard Rice by overnight mail with full and complete answers to a second round of such interrogatories, requests to admit and document requests as Howard Rice may propound relative to the amended allegations. Howard Rice's first round of interrogatories shall not be counted toward the statutory limit of twenty-five interrogatories.  Howard Rice's request that the parties meet and confer to discuss the language of ¶¶ 42 and 52 is granted.

CONCLUSION

For the foregoing reasons, T2's motion to amend is GRANTED (Docket 36).

After meeting and conferring with Howard Rice about ¶¶ 42 and 52, T2 may file its amended answer.  If the parties are unable to agree on ¶¶ 42 and 52, T2 must file another motion for leave to amend if it wishes to include those amendments.  Howard Rice may rest on its previous answer to the counterclaims or may file a new answer twenty days from the date of this order.

IT IS SO ORDERED.



Dated: 10/5/06

CLAUDIA WILKEN
United States District Judge